UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL FEDERHOFER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-863 AGF |
| | ) | |
| JUSTIN JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $28.50, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will require plaintiff to submit an amended complaint.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff alleges that defendants Justin Jones and Keith Coleman, who are or were police officers for St. Louis County, unjustifiably assaulted him and shot him with a Taser gun. He suffered several injuries as a result, and he was transported to St. Anthony's Medical Center's emergency room by ambulance.

Plaintiff seeks to hold St. Louis County's General Counsel liable under the theory of respondeat superior. He also wishes to sue the St. Louis County Police Department.

**Discussion**

The complaint adequately alleges a claim under the Fourth Amendment for unreasonable search or seizure against Jones and Coleman. However, plaintiff has not alleged when the alleged assault occurred. Therefore, it would be difficult for defendants to answer the complaint. Plaintiff must file an amended complaint, in accordance with the Court's instructions, that better describes the incident.

The complaint is frivolous against the St. Louis County Police Department because municipal departments cannot be held liable under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992).

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or

2

directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Claims sounding in respondeat superior are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Consequently, plaintiff's allegations against St. Louis County's General Counsel are frivolous.

Plaintiff must file an amended complaint in accordance with the following instructions. He is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint that are not included in the amended complaint will be considered abandoned. *Id.* He must allege how each and every defendant is directly responsible for the alleged harm. And he must specify, to the best of his knowledge, the date on which the incident occurred. In order to sue defendants in their individual capacities, he must specifically say so in the complaint. If he fails to sue defendants in their individual capacities, this action may be subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $28.50 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name;

(2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that defendants St. Louis County Police Department and St. Louis County General Counsel are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint no later than twenty-one (21) days from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff does not comply with this Order, the Court may dismiss this action without further proceedings.

An Order of Partial Dismissal will be filed separately.

Dated this 14th day of July, 2017.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).