UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL FEDERHOFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-863 AGF |
| | ) | |
| JUSTIN JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff's amended complaint under 28 U.S.C. § 1915(e). After review, the Court finds that process should issue on Defendants Justin Jones and Keith Coleman.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a

complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, because Plaintiff is proceeding pro se, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his Fourth Amendment right to be free from excessive use of force. Defendants Justin Jones and Keith Coleman are or were police officers with the St. Louis County Police Department (the "Department"). Plaintiff also names the Department and St. Louis County General Counsel ("General Counsel") as defendants.

On August 23, 2017, Jones ordered Plaintiff to pull his car to the side of the road. Jones was allegedly searching for a burglary suspect. When Jones approached Plaintiff, Jones pulled his gun and threatened to shoot Plaintiff in the head. Plaintiff ignored the threat and challenged Jones to shoot him. Plaintiff and Jones were about twelve to fifteen feet apart. Coleman was present as well.

Plaintiff then turned and walked in the opposite direction. Jones holstered his weapon and tackled plaintiff from behind. Jones began beating Plaintiff while Coleman stood by and watched. Plaintiff says Jones beat him "beyond recognition." Eventually, Coleman shot Plaintiff with a Taser and arrested him.

Plaintiff is suing General Counsel under the doctrine of respondeat superior.

## Discussion

The complaint states a plausible claim for relief against Jones and Coleman in their individual capacities. As a result, the Court will order the Clerk to serve them with process.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. Therefore, Plaintiff's official-capacity claims are dismissed.

Plaintiff's cause of action against the Department is frivolous because municipal departments are not subject to suit under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992).

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has

violated the Constitution."). Plaintiff cannot sue a defendant under the doctrine of respondeat superior, and so, General Counsel must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to issue process on Defendants Justin Jones and Keith Coleman.

**IT IS FURTHER ORDERED** that Defendants St. Louis County Police Department and St. Louis County General Counsel are **DISMISSED** without prejudice.

An Order of Dismissal will be filed forthwith.

Dated this 7th day of August, 2017.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE